JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANTHONY PETTWAY

## DEFENDANTS
NATIONWIDE CREDIT, INC.

**(b)** County of Residence of First Listed Plaintiff: NASSAU
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: LEHIGH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Ste 500, Garden City, NY 11530
(516) 203-7600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ○ 1  U.S. Government Plaintiff
- ● 3  Federal Question *(U.S. Government Not a Party)*
- ○ 2  U.S. Government Defendant
- ○ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business In This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business In Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ○ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ○ 625 Drug Related Seizure of Property 21 USC 881 | ○ 422 Appeal 28 USC 158 | ○ 375 False Claims Act |
| ○ 120 Marine | ○ 310 Airplane / ○ 365 Personal Injury - Product Liability | ○ 690 Other | ○ 423 Withdrawal 28 USC 157 | ○ 376 Qui Tam (31 USC 3729(a)) |
| ○ 130 Miller Act | ○ 315 Airplane Product Liability / ○ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ○ 400 State Reapportionment |
| ○ 140 Negotiable Instrument | ○ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ○ 410 Antitrust |
| ○ 150 Recovery of Overpayment & Enforcement of Judgment | ○ 330 Federal Employers' Liability / ○ 368 Asbestos Personal Injury Product Liability | | ○ 820 Copyrights | ○ 430 Banks and Banking |
| ○ 151 Medicare Act | ○ 340 Marine | | ○ 830 Patent | ○ 450 Commerce |
| ○ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ○ 345 Marine Product Liability | | ○ 835 Patent - Abbreviated | ○ 460 Deportation |
| ○ 153 Recovery of Overpayment of Veteran's Benefits | ○ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | ○ 840 Trademark | ○ 470 Racketeer Influenced and Corrupt Organizations |
| ○ 160 Stockholders' Suits | ○ 355 Motor Vehicle Product Liability / ○ 370 Other Fraud | ○ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ● 480 Consumer Credit |
| ○ 190 Other Contract | ○ 360 Other Personal Injury / ○ 371 Truth in Lending | ○ 720 Labor/Management Relations | ○ 861 HIA (1395ff) | ○ 485 Telephone Consumer Protection Act |
| ○ 195 Contract Product Liability | ○ 362 Personal Injury - Medical Malpractice / ○ 380 Other Personal Property Damage | ○ 740 Railway Labor Act | ○ 862 Black Lung (923) | ○ 490 Cable/Sat TV |
| ○ 196 Franchise |  / ○ 385 Property Damage Product Liability | ○ 751 Family and Medical Leave Act | ○ 863 DIWC/DIWW (405(g)) | ○ 850 Securities/Commodities/ Exchange |
| | | ○ 790 Other Labor Litigation | ○ 864 SSID Title XVI | ○ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ○ 791 Employee Retirement Income Security Act | ○ 865 RSI (405(g)) | ○ 891 Agricultural Acts |
| ○ 210 Land Condemnation | ○ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ○ 893 Environmental Matters |
| ○ 220 Foreclosure | ○ 441 Voting / ○ 463 Alien Detainee | | ○ 870 Taxes (U.S. Plaintiff or Defendant) | ○ 895 Freedom of Information Act |
| ○ 230 Rent Lease & Ejectment | ○ 442 Employment / ○ 510 Motions to Vacate Sentence | | ○ 871 IRS—Third Party 26 USC 7609 | ○ 896 Arbitration |
| ○ 240 Torts to Land | ○ 443 Housing/ Accommodations / ○ 530 General | | | ○ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ○ 245 Tort Product Liability | ○ 445 Amer. w/Disabilities - Employment / ○ 535 Death Penalty | **IMMIGRATION** | | ○ 950 Constitutionality of State Statutes |
| ○ 290 All Other Real Property | ○ 445 Amer. w/Disabilities - Employment / **Other:** | ○ 462 Naturalization Application | | |
| | ○ 446 Amer. w/Disabilities - Other / ○ 540 Mandamus & Other | ○ 465 Other Immigration Actions | | |
| | ○ 448 Education / ○ 550 Civil Rights | | | |
| | / ○ 555 Prison Condition | | | |
| | / ○ 560 Civil Detainee Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from Another District *(specify)*
- ○ 6 Multidistrict Litigation - Transfer
- ○ 8 Multidistrict Litigation - Direct File

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: 15 USC §1692 – Fair Debt Collection Practices

## VIII. REQUESTED IN COMPLAINT:
● CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ● Yes  ○ No

## IX. RELATED CASE(S) IF ANY
*(See Instructions)*

JUDGE _____  DOCKET NUMBER _____

JUN - 5 2020

DATE: April 30, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT# _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __50 Fieldmere Street, Elmony, New York 11003__

Address of Defendant: __620 West Germantown Pike, Suite 220  Plymouth Meeting, PA 19462__

Place of Accident, Incident or Transaction: __Lehigh County, Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____(signature)_____   _____
                     Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* __FDCPA__

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* ____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* ____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

JUN -5 2020

DATE: _____   _____(signature)_____   _____
                     Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5 2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Anthony Pettway | : | CIVIL ACTION |
| v. | : | |
| Nationwide Credit, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

April 30, 2020
Date                    Attorney-at-law

_____        _____
Telephone               FAX Number

(Civ. 660) 10/02

JUN -5 2020

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)   The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)   In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)   The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)   Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)   Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 119084

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
ALLENTOWN DIVISION

| | |
|---|---|
| Anthony Pettway, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Nationwide Credit, Inc., | |
| Defendant. | |

Anthony Pettway, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Nationwide Credit, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of Pennsylvania.

## PARTIES

5. Plaintiff Anthony Pettway is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Nationwide Credit, Inc., is a Pennsylvania Corporation with a principal place of business in Lehigh County, Pennsylvania.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated January 25, 2020. (A true and accurate copy is annexed hereto as **Exhibit 1**.")

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was received and read by Plaintiff.

24. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

25. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

27. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

28. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

29. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

30. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the owner of a debt is unfair and deceptive to the least sophisticated consumer.

31. The owner of a debt must be clearly conveyed from the perspective of the least sophisticated consumer.

32. The owner of a debt must be accurately conveyed from the perspective of the least sophisticated consumer.

33. The owner of a debt must be conveyed without ambiguity from the perspective of the least sophisticated consumer.

34. The identity of the owner of a debt is a material piece of information to a consumer.

35. Knowing the identity of the owner of a debt affects how a consumer responds to a debt collector's attempts to collect the debt.

36. The Letter fails to identify by name and label any entity as "creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

3

37. Rather, the Letter provides only, "Original Creditor: JPMORGAN CHASE BANK USA, N.A."

38. The Letter demands payment be made to Nationwide Credit, Inc.

39. The least sophisticated consumer would be confused as to whether the owner of the alleged Debt is the "original" creditor JPMORGAN CHASE BANK USA, N.A., the entity to which payment must be made Nationwide Credit, Inc., or some other unnamed entity.

40. The least sophisticated consumer would likely be confused as to the owner of the alleged Debt.

41. The least sophisticated consumer would likely be uncertain as to owner of the alleged Debt.

42. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the owner of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

43. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the owner of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

44. The least sophisticated consumer would likely be deceived by the Letter.

45. The least sophisticated consumer would likely be deceived in a material way by the Letter.

46. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

47. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of Pennsylvania.

48. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter failing to explicitly state the owner of the alleged Debt, substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

49. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

4

50. The Class consists of more than thirty-five persons.

51. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

52. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

53. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

54. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment be entered:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c. Finding Defendant's actions violate the FDCPA; and

d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Granting Plaintiff's costs; all together with

      g. Such other relief that the Court determines is just and proper.

DATED: April 28, 2020

**BARSHAY SANDERS, PLLC**

By: _____
Melissa Pirillo, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: 119084

| ACCOUNT NUMBER: | XXXXXXXXXXXX2383 |
|---|---|
| NCI ID: | 1817 |
| ACCOUNT BALANCE: | $3,532.78 |
| AMOUNT ENCLOSED: | |

**PERSONAL AND CONFIDENTIAL**
PO Box 10354
Des Moines, IA 50306-0354

00323



002/C11/782/01/25/2020//NY/1.1/20180423

24-hour account access: https://www.myaccount.ncirm.com

o Change of address: Print New Address on Back

**REMIT TO:**



NATIONWIDE CREDIT, INC.
PO Box 14581
Des Moines IA 50306-3581

78913-28A4*AUTO**ALL FOR AADC 110
Anthony Pettway
50 FIELDMERE ST
Elmont NY 11003-2038

1817 6

*** Please See Reverse Side of This Letter for Important Consumer Information ***
Please Detach and Return this Stub in the Enclosed Envelope with your Check or Money Order - Make Sure the "Remit to" Address appears in the Window



# Nationwide Credit, Inc.
PO Box 14581
Des Moines, IA 50306-3581
Monday-Friday 8 AM to 6 PM ET 1-866-428-0926

NCI ID: 1817

Original Creditor: JPMORGAN CHASE BANK, N.A.
Account Number: XXXXXXXXXXXX2383
Account Balance: $3,532.78
Settlement Offer: $1,943.02
Date: 01/25/2020

 Nationwide Credit, Inc. has a Better Business Bureau Rating of A+

Dear ANTHONY PETTWAY

Nationwide Credit, Inc. ("NCI") sent you a letter, more than thirty (30) days ago, advising you that your past due account was placed with us for collection. The Account Balance is shown above.

You can settle this account according to the payment arrangement shown in the table below:

| Payment No. | Payment Received by NCI | Payment Amount | | Payment No. | Payment Received by NCI | Payment Amount |
|---|---|---|---|---|---|---|
| 1 | 02/10/2020 | $647.67 | | | | |
| 2 | 03/10/2020 | $647.67 | | | | |
| 3 | 04/10/2020 | $647.68 | | | | |



myaccount.ncirm.com



➢ 24-hour Access

➢ Make or Reschedule a Payment

➢ Arrange a Settlement

➢ Change Your Contact Information

➢ And More...

This offer is contingent upon NCI receiving the payment pursuant to the payment schedule mentioned in the above table. If you fail to meet any terms of the Settlement Agreement, NCI may, at its discretion, cancel the Settlement Agreement or offer you a new settlement agreement. NCI is not obligated to renew this offer.

💻 **Secure Online Portal:** myaccount.ncirm.com is available 24 hours a day to schedule payments, negotiate alternatives, manage your account and more!

Login using your NCI ID: 1817 and
Password: Last four digits of your SSN

✉ **Pay by Mail:** Send a check or money order to Nationwide Credit, Inc. PO Box 14581 Des Moines, IA 50306-3581
Reference your NCI ID on your check or money order

☎ **Pay by Phone:** Toll free 1-866-428-0926

Sincerely,
MICHAEL ADDINGTON
**Nationwide Credit, Inc.**

This communication is an attempt to collect a debt by a debt collector or consumer collection agency and any information obtained will be used for that purpose.

C11
04122019

NOTE CHANGES ONLY

FIRST NAME [ ] MI [ ]
LAST NAME [ ]
ADDRESS [ ]
[ ]
CITY [ ] HOME PHONE [ ]
STATE [ ] ZIP [ ] - [ ] WORK PHONE [ ]

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR OR CONSUMER COLLECTION AGENCY AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

New York City Department of Consumer Affairs License Number: 0914159